IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERA DAVIS-CLEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00529-X-BT |
| | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is an employment discrimination lawsuit arising out of *pro se* Plaintiff Vera Davis-Clewis's employment with the Department of Veterans Affairs (VA). Before the Court is the VA's Motion to Dismiss and Supporting Brief (ECF No. 30). Because Davis-Clewis's Complaint is time barred, the District Judge should GRANT the VA's Motion and DISMISS this action WITH PREJUDICE.

### *Background*

Davis-Clewis alleges that she worked as a Medical Supply Technician for the VA for 16 years until she suffered an on-the-job injury causing a torn rotator cuff in 2018. Pl.'s Opp. at 2–3, ¶¶ 3, 6 (ECF No. 33). As a result, Davis-Clewis went on medical leave until May 28, 2019, when she returned to work with permanent light-duty restrictions per her physician's orders. *Id.* ¶¶ 5–6.

Davis-Clewis again went on medical leave from October 30, 2019, until May 26, 2020, due to complications from her rotator cuff surgery. *Id.* ¶¶ 8–10. When asked to return to work, Davis-Clewis requested bereavement leave to mourn the death of her mother. *Id.* ¶ 11. However, Human Resources for the VA denied Davis-Clewis's request for bereavement leave and "forced [Davis-Clewis] to return to work under significant emotional and psychological distress." *Id.*

After returning to work, the VA placed Davis-Clewis in various positions due to a purported inability to accommodate her permanent workplace restrictions prescribed by her physician and deficits in departmental workloads. *Id.* at 5–7, ¶¶ 16, 21–23. Eventually, in September 2022, the VA offered Davis-Clewis a position as a Medical Support Assistant at a lower paygrade. *Id.* at 7–8, ¶ 28. Davis-Clewis agreed to take the position, but wrote on the acceptance, "I decline[ ] the decrease in my pay." *Id.* at 8, ¶ 29.

Thereafter, Davis-Clewis filed formal complaints of discrimination with the VA and the U.S. Merit System Protections Board (MSPB), claiming that her reassignment, and associated reduction in pay, was involuntary and violated federal anti-discrimination laws. Am. Compl. at 5, 46 (ECF No. 22). On August 30, 2024, the MSPB issued its Initial Decision, which dismissed Davis-Clewis's appeal for lack of jurisdiction. *Id.* at 46–54. The Board found that Davis-Clewis did not show by a preponderance of the evidence that "her demotion/reduction in pay was based either on misunderstanding or the 'result of an agency's coercive acts.'" *Id.*

2

at 53. In its Notice to Appellant, the MSPB stated that their decision would become final on October 4, 2024. *Id.* at 54.

The MSPB included instructions in its decision on how to file a petition for review with the MSPB, as well as the judicial appellate review process. *Id.* at 55–59. Specifically, the MSPB advised:

> As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of <u>the date this decision becomes final</u>. 5 U.S.C. § 7703(b)(1)(A).
>
> . . . .
>
> [I]f you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination . . . you may obtain judicial review of this decision—<u>including disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u>[.]

*Id.* at 58–59 (emphasis in original). In other words, Davis-Clewis could either waive her discrimination claims and file her appeal with the United States Court of Appeals for the Federal Circuit or retain her discrimination claims and file her appeal with the appropriate United States district court. *Id.*

Davis-Clewis filed her appeal with the Federal Circuit on November 25, 2024—52 days after the MSPB's final decision. *Id.* at 37. Davis-Clewis indicated to the Federal Circuit on her Statement Concerning Discrimination that she did not wish to abandon her discrimination claims. *Id.* at 41. Accordingly, the Federal Circuit issued an order on February 28, 2025, stating that the court did not have

jurisdiction over Davis-Clewis's claims and transferring the case to this Court. *Id.* at 26–27.

Davis-Clewis filed her amended complaint with this Court on April 16, 2025 (ECF No. 22), and the VA's Motion to Dismiss followed on June 13, 2025 (ECF No. 30). Davis-Clewis filed her Opposition to the VA's Motion to Dismiss on July 7, 2025 (ECF No. 33),[1] followed by the VA's Reply on July 21, 2025 (ECF No. 34).[2] Thus, the Motion is now ripe for adjudication.

### *Legal Standard*

The VA brings its Motion under Rule 12(b)(6). Def.'s Mot. 11-12 (ECF No. 30). To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative

---

[1] As Davis-Clewis raises new factual allegations in her opposition to the VA's Motion, the Court may construe her opposition as an amended complaint. *See Coleman v. Cardona,* 2021 WL 1169149, at *1 (N.D. Tex. Mar. 29, 2021) (Fitzwater, J.) (construing *pro se* plaintiff's response and amendments as an amended complaint), *aff'd,* 2021 WL 3729653 (5th Cir. Aug. 23, 2021) (per curiam); *Blaney v. Meyers*, 2009 WL 400092, at *2 (N.D. Tex. Feb. 17, 2009) (Solis, J.) ("The court liberally construes Plaintiff's amended complaint with all possible deference due [to] a *pro se* litigant."). The arguments in the VA's Motion to Dismiss apply with equal force to Davis-Clewis's allegations in her amended complaint.

[2] Davis-Clewis improperly filed a sur-reply (ECF No. 40) after the briefing period for the VA's Motion had closed. Accordingly, the Court STRIKES this filing for failure to comply with this District's Local Civil Rules. N.D. Tex. Loc. Civ. R. 56.7 ("[A] party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence.").

level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). A court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021

WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings. The pleadings include the complaint and any documents attached to it.") (internal citations omitted), *aff'd*, 824 F. App'x 210 (5th Cir. 2020) (per curiam).

## *Analysis*

The VA argues that Davis-Clewis's case is subject to dismissal because she failed to file her appeal for judicial review of the MSPB's decision within the 30-day deadline set out in 5 U.S.C. § 7703(b)(2). *See* Def.'s Mot. at 1 (ECF No. 30). Further, the VA states that equitable tolling does not save Davis-Clewis's suit because her complaint "does not allege facts that would provide a basis for applying equitable tolling." *Id.* The Court agrees that Davis-Clewis's suit is time barred.

## A. **Timeliness**

"The Civil Service Reform Act of 1978 . . . establishes a framework for evaluating personnel actions taken against federal employees." *Kloechner v. Solis*, 568 U.S. 41, 44 (2012). A federal employee who experiences a serious personnel action "has a right to appeal the agency's decision to the MSPB, an independent adjudicator of federal employment disputes." *Id.*

Under 5 U.S.C. § 7703(b)(1)(A), a petition for review of a final order or decision of the MSPB "shall be filed in the United States Court of Appeals for the

Federal Circuit . . . within 60 days after the Board issues notice of the final order or decision of the Board." However, under § 7703(b)(2), "[c]ases of discrimination . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action[.]" Cases of discrimination must be filed as civil actions in district court. *Kloeckner*, 568 U.S. at 44. Finally, cases asserting both an action appealable to the MSPB and alleged discrimination are "mixed cases" governed by § 7703(b)(2) and must be filed in district court. *Id.*; *see also Gause v. Shanahan*, 801 F. App'x 247, 249–50 (5th Cir. 2020) (describing a "mixed case").

The parties do not dispute that this is a "mixed case" due to Davis-Clewis's allegations of an involuntary personnel action and unlawful discrimination. *See* Pl.'s Opp. at 15 (ECF No. 33) ("Plaintiff does not dispute that this is a mixed case[.]"); Def.'s Mot. at 10 (ECF No. 30) (stating that this is a mixed case); *see also* Am. Compl. at 2 (ECF No. 22) (asserting claims of discrimination and involuntary demotion). As a result, the timeliness of Davis-Clewis's appeal is governed by § 7703(b)(2), and thus, she was required to seek judicial review with the appropriate district court within 30 days after the date she received notice of the judicially reviewable action. However, Davis-Clewis did not meet this deadline.

Davis-Clewis is deemed to have received the MSPB's final order on October 4, 2024, the date it was issued. Am. Compl. at 54 (ECF No. 22). *Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 764 (6th Cir. 1985); *see also, e.g.*, *James v. U.S. Postal Serv.*, 835 F.2d 1265, 1266 (8th Cir. 1988); *Cansler v. Tennessee Valley*

*Auth.*, 774 F.2d 432, 433 (11th Cir. 1985) (per curiam); *Tolliver v. Deniro*, 790 F.2d 1394, 1397 (9th Cir. 1986); *Lucero v. Conner*, 536 F. Supp. 2d 672, 676–77 (W.D. Tex. 2008) (all applying *Ballard*). From that date, she had 30 days to file her request for judicial review with the appropriate district court, or until November 4, 2024.[3] 5 U.S.C. 7703(b)(2); Am. Compl. at 54 (ECF No. 22). However, instead of filing a civil action with the district court, Davis-Clewis filed an appeal with the Federal Circuit on November 25, 2024. Am. Compl. at 37 (ECF No. 22).

While a request for judicial review from the Federal Circuit may be filed within 60 days, the Federal Circuit does not have jurisdiction over Davis-Clewis's claims of discrimination, which she expressly did not waive. 5 U.S.C. § 7703(b)(1)–(2); Am. Compl. at 41 (ECF No. 22) (acknowledging that she does "not wish to abandon [her] discrimination claims) (emphasis in original). In other words, Davis-Clewis was within the time window for judicial review of the Federal Circuit, but the Federal Circuit was not the right venue for her claims. Rather, because this is a "mixed case," Davis-Clewis must have filed her appeal within 30 days of

---

[3] Thirty days from October 4, 2024, is Sunday, November 3, 2024. As this deadline fell on a Sunday, Davis-Clewis's deadline was the following Monday, November 4, 2024. *See* Fed. R. Civ. P. 6(a)(1)(C). Further, the fact that Davis-Clewis filed an untimely appeal to the MSPB does not change the finality of the Board's decision, and in turn, Davis-Clewis's deadline to file her appeal with this Court. Def.'s Mot. at 13–14 (ECF No. 30); *see* 5 U.S.C. § 7701(e)(1) (stating that any MSPB decision is final unless a party "petitions the Board for review within 30 days after the receipt of the decision" or "the Board reopens and reconsiders a case on its own motion"); *Lilly v. MSPB*, 2023 WL 7381455, at *2 (Fed. Cir. Nov. 8, 2023) ("The untimely submission of a petition for review and motion for an extension of time to the Board does not prevent the initial decision of the administrative judge from remaining the final decision of the Board.") (cleaned up).

receiving notice of the MSPB's final order and decision. Therefore, because Davis-Clewis did not comply with § 7703(b)(2)'s 30-day window for judicial review, her claims are time barred. *See Hightower v. U.S. Postal Serv.*, 2025 WL 1895549, at *3 (W.D. Va. July 9, 2025).

## B. <u>Equitable Tolling</u>

Even though her claims are time barred, Davis-Clewis asserts that she "has alleged specific and compelling facts that support equitable tolling." Pl.'s Opp. at 16 (ECF No. 33). Specifically, Davis-Clewis states that the following facts support equitable tolling: (1) "[c]onfusing and misleading communications" by the VA's Human Resources Department and the Office of Workers' Compensation Programs, (2) "[b]eing forced to choose between her job and her medical limitations under duress," (3) "undergoing a major surgery during the critical time period," (4) "being denied bereavement leave following her mother's death," and (5) confusing administrative procedures and reliance on counsel. *Id.* at 17; Pl.'s Sur-Reply at 4 (ECF No. 40). None of these allegations support equitable tolling.

The deadline for filing an appeal under § 7703(b)(2) is non-jurisdictional, and therefore, can be subject to equitable tolling. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024). However, equitable tolling only provides a plaintiff relief in "rare and exceptional circumstances." *Strunk v. Methanex USA, L.L.C.*, 2024 WL 366173, at *2 (5th Cir. Jan. 31, 2024) (per curiam) (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)). The Fifth Circuit has noted that "[e]quitable tolling is to be applied 'sparingly'" and "[t]he plaintiff has the burden

to provide justification for equitable tolling." *Granger v. Aaron's Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (per curiam) (citations omitted).

*Misleading Statements*

Davis-Clewis first contends that equitable tolling applies because "the agency's inconsistent and confusing communications prevented her from understanding her options or filing sooner." Pl.'s Opp. at 16 (ECF No. 33). In response, the VA argues that this alleged confusing testimony has "nothing to do with the deadline for Ms. Davis-Clewis to file suit," and therefore, "is irrelevant for purposes of equitable tolling." Def.'s Reply at 4–5 (ECF No. 34).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." *Roe v. United States*, 839 F. App'x 836, 843 (5th Cir. 2020) (per curiam) (cleaned up). When a plaintiff invokes equitable tolling based on the defendant's conduct, she must show "(1) concealment by the defendant, and (2) that the plaintiff failed, despite the exercise of due diligence, to discover the relevant facts that form the basis of [her] claim." *Id.*

While the MSPB acknowledged that the VA's Workers Compensation Specialist, Tyrone Freeman, presented confusing testimony as to whether he told Plaintiff she would lose her job for not accepting her new position, *see* Am. Compl. at 53, n.2 (ECF No. 22), this testimony concerns her substantive claims, not the deadline for filing an appeal. Davis-Clewis has not shown that the VA concealed facts from her or affirmatively misled her about the reasons underlying her

demotion. *Rivers v. Geithner*, 548 F. App'x 1013, 1019 (5th Cir. 2013) (finding that the employer did not "actively mislead [the plaintiff] to prevent her from filing a discrimination claim by proffering misleading reasons for her termination"); *Metwalli v. Salcomp*, 2025 WL 2933521, at *5 (N.D. Tex. Sept. 25, 2025) (Horan, J.) ("[H]ow an employer characterizes a termination should not matter where an employee is aware of the underlying facts necessary to file a case.").

Here, Davis-Clewis has not averred that the Defendant concealed from her any fact that would prevent her from meeting the filing deadline, or that she failed to discover relevant facts for the basis of her claim despite due diligence. *See* Pl.'s Opp. (ECF No. 33); *Harrison v. Estes Express Lines*, 211 F. App'x 261, 265 (5th Cir. 2006) (per curiam) (determining that equitable tolling was not appropriate because the counselor did not discourage the plaintiff from filing a claim, err in the explanation of law or requirements for filing a claim, or mislead the plaintiff on the nature of the plaintiff's rights). In fact, Davis-Clewis was plainly put on notice by the MSPB's Notice of Appeal Rights that she needed to file her appeal by November 4, 2024. *See* Am. Compl. at 59 (ECF No. 22); *see also Farmer v. D & O Contractors, Inc.*, 640 F. App'x 302, 305 (5th Cir. 2016) ("And we have found 'no compelling equities to justify tolling' where a plaintiff 'could have filed [her] claim properly with even a modicum of due diligence' but failed to timely preserve [her] claim for litigation.") (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). As such, equitable tolling is not warranted on Davis-Clewis's first ground.

*Duress*

Davis-Clewis next states that equitable tolling is appropriate because she was allegedly "forced to choose between her job and her medical limitations under duress." Pl.'s Opp. at 17 (ECF No. 33). Although not entirely clear, Davis-Clewis appears to be referring to her acceptance of the position of medical support assistant in 2022—2 years before her filing deadline. *Id.* at 7–8, ¶¶ 28–29.

As stated above, equitable tolling principally applies "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some *extraordinary* way from asserting [her] rights." *Roe*, 839 F. App'x at 843 (emphasis added). While Davis-Clewis alleges that she accepted the demotion under duress, there is no discernable connection between this alleged event and Davis-Clewis's untimely appeal over 2 years later. Davis-Clewis provides no arguments for how this event constitutes a rare and extraordinary circumstance warranting equitable tolling. Therefore, Davis-Clewis is not entitled to equitable tolling on this basis.

*Injuries and Surgery*

Davis-Clewis also argues that equitable tolling applies to her case because "she was recovering from a job-related injury [and] undergoing surgery." Pl.'s Opp. at 16 (ECF No. 33). Specifically, Davis-Clewis states that between January 6, 2025, and January 30, 2025, she underwent "a series of medical tests and evaluation," which resulted in a major back surgery on January 14, 2025. *Id.* at 11. This back

injury—in 2025—allegedly prevented Davis-Clewis from timely filing her complaint—in November 2024. *Id.* at 11, 16.

To find relief under the doctrine of equitable tolling due to a medical condition, the plaintiff must make a specific showing regarding "the impact of [her] medical condition on [her] ability to file a timely application." *Caldwell v. Dretke,* 182 Fed. App'x 346, 347 (5th Cir. 2006) (per curiam); *see also Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) (holding that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling").

Davis-Clewis's medical issues related to her back admittedly occurred in January 2025—two months *after* her deadline to file her appeal with the district court expired. Davis-Clewis cannot argue that an injury and surgery that occurred after the filing deadline prevented her from meeting that deadline. *See Bennings v. UT Sw. Med. Ctr.,* 2019 WL 2330652, at *5 (N.D. Tex. May 16, 2019) (Horan, J.) (rejecting allegation that a meeting, which occurred a month after the filing deadline, entitled the plaintiff to equitable tolling), *adopted by* 2019 WL 2326116 (N.D. Tex. May 31, 2019) (Lindsay, J.). Indeed, Davis-Clewis has not set forth any specific facts plausibly explaining why her purported back injury or surgery prevented her from meeting her filing deadline. Therefore, Davis-Clewis's injuries and surgery do not entitle her to equitable tolling.

*Bereavement Leave*

Davis-Clewis next states that her claims should be equitably tolled because she was "denied bereavement leave following her mother's death." Pl.'s Opp. at 17 (ECF No. 33). Specifically, Davis-Clewis alleges that during the deadline to file her appeal, she was "under significant mental and emotional distress while grieving her mother's death." *Id.* at 16. But Davis-Clewis requested bereavement leave in May 2020, Pl.'s Opp. at 4, ¶ 11 (ECF No. 33), and she has not explained how this circumstance, which occurred 4 years prior to the deadline for filing an appeal, prevented her from timely filing her appeal. *See McHenry v. Dir., Tex. Dep't of Crim. Just.*, 2024 WL 2703041, at *3 (N.D. Tex. Apr. 24, 2024) (Reno, J.) ("Unsupported, conclusory assertions of mental illness cannot support equitable tolling."), *adopted by* 2024 WL 2702662 (N.D. Tex. May 24, 2024) (Kacsmaryk, J.). Therefore, Davis-Clewis is not entitled to equitable tolling due to the alleged denial of bereavement leave.

*Reliance on Counsel*

In Davis-Clewis's last effort, she states that equitable tolling applies to her case because she "was represented by counsel and reasonably relied on that process." Pl.'s Sur-Reply at 4 (ECF No. 40). Although Davis-Clewis asserts this argument in an impermissible sur-reply, *see supra* note 2, the Court notes that attorney negligence or inadvertence is not a basis for equitable tolling. *See Johnson v. Capital One, N.A.*, 2014 WL 879564, at *3 (N.D. Tex. Mar. 4, 2014) (Lynn, J.)

("Any alleged error on the part of [p]laintiff's attorney also does not state a basis for equitable tolling.") (citing *Harris*, 628 F.3d at 240).

### *Opportunity to Amend*

While a *pro se* plaintiff is ordinarily granted leave to amend her complaint before dismissal, leave is not required "if the plaintiff has already pleaded [her] best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Davis-Clewis has twice amended her complaint, *see supra* note 1, and there is no set of facts that could cure the defects cited by the Court. Therefore, the District Judge should dismiss Davis-Clewis's claims with prejudice because the face of her pleading makes it clear that her claims are time barred. *See Edwards v. Fed. Nat'l Mortg. Ass'n*, 2021 WL 3195487, at *1 (N.D. Tex. July 7, 2021) (Toliver, J.) ("[A] dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations would prevent a party from refiling their case.") (citation omitted), *adopted by* 2021 WL 3192174 (N.D. Tex. July 29, 2021) (Scholer, J.).

### *Recommendation*

In conclusion, the District Judge should GRANT the Defendant's Motion to Dismiss (ECF No. 30) and DISMISS WITH PREJUDICE Plaintiff's Complaint as time barred.

**SO RECOMMENDED.**

December 31, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

15

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).